UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTE BOOKER, | ) | Case No.: 1:06 CV 315 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BEACHWOOD, *et al*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Pending before the court is the Motion for Judgment on the Pleadings/Motion to Dismiss filed by Defendants City of Beachwood, Patrick Sullivan, and Paul Berline (collectively, "Defendants"). (ECF No. 18.)  For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Donte Booker ("Plaintiff") alleges that Defendants "caused the malicious prosecution, unfair trial, and wrongful conviction" of Plaintiff for the 1987 "rape, kidnaping, aggravated robbery and gross sexual imposition of Kimberly Loving." (Compl. ¶ 1.)  Plaintiff was convicted and served "approximately seventeen years" before being exonerated of these crimes "through the use of Forensic Testing." (*Id.*)  Plaintiff maintains that Defendant Patrick Sullivan told Plaintiff that he was going to frame Plaintiff for the rape of Loving. (*Id.* ¶ 9.)  Plaintiff claims that Defendants Sullivan and Berline went to Loving's job with a photo array and that Plaintiff's photo

was the first photo, on the top, that was given to Loving.  (*Id.* ¶ 12.)  Loving identified Plaintiff as her assailant.  (*Id.*)

In his first cause of action, Plaintiff asserts § 1983 claims for civil rights violations, specifically, violation of the Fourth and Fourteenth Amendment, "including the right to a fair trial, due process of law, and equal protection."  (*Id.* ¶ 17.)  Plaintiff also alleges "unconstitutional identification procedures and malicious prosecution . . . ."  (*Id.*)

In his second cause of action, Plaintiff asserts a § 1983 conspiracy claim and alleges that Defendants "in concert agreed and conspired to violate [Plaintiff's] constitutional rights and undertook overt acts in furtherance of that goal . . . ."  (*Id.* ¶ 20.)

Plaintiff's third cause of action is under State law for negligent and intentional infliction of emotional distress.  (*Id.* ¶¶ 21-24.)

Plaintiff's fourth cause of action sets forth a state law malicious prosecution claim.  (*Id.* ¶¶ 25-26.)

Plaintiff seeks compensatory and punitive damages, as well as attorney's fees.  (*Id.* ¶¶ 27-30.)

## II. STANDARD OF REVIEW

Defendants  "move for judgment on the pleadings . . . for failure to state a claim upon which relief can be granted."  (Defs.' Mot. at 1, ECF No. 18.)  The court shall consider Defendants' arguments based on Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and treat those portions of Defendant's Motion as a motion to dismiss.  Federal Rule of Civil Procedure 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claims. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Courts reviewing a 12(b)(6) motion must accept

the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim."  However, the court is not required to accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971).  Accordingly, a court must determine "whether the plaintiff undoubtedly can prove no set of facts in support of [his] claim that would entitle [him] to relief" under a viable legal theory advanced in the complaint. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).

Defendants also move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).  Although Rule 12(c) states that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment," courts have found that when the issue of *res judicata* is presented, it is "a purely legal issue" that can be considered in the context of a motion for judgment on the pleadings. *See Hutcherson v. Lauderdale County, TN*, 326 F.3d 747, 756 (6th Cir. 2003).  The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted.)

-3-

### III. LAW AND ANALYSIS

**A. Plaintiff's § 1983 Claims Against the City of Beachwood**

Defendants argue that Plaintiff's Complaint fails to allege a policy or custom that would support any § 1983 claims against the City of Beachwood.  Plaintiff fails to respond to this argument.   "[B]efore a local government can be held liable for injuries under Section 1983, … a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978)).   The local government's policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under §1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694).

After reviewing Plaintiff's Complaint, the court finds that Plaintiff has failed to allege a policy or custom attributable to the City of Beachwood. *See Leach*, 891 F.2d at 1245.  Therefore, even when accepting the factual allegations of Plaintiff's Complaint as true and construing all reasonable inferences in Plaintiff's favor on this claim, Plaintiff has failed to state a claim upon which relief can be granted.  *See Miller*, 50 F.3d 373, 377 (6th  Cir. 1995).  Accordingly, Defendants' Motion to Dismiss Plaintiff's § 1983 claims asserted against the City of Beachwood is granted.

**B. Plaintiff's Equal Protection Claim**

Defendants argue that the Complaint makes no allegations to support an equal protection claim because the Complaint does not allege that he was treated differently than others.  Plaintiff fails to respond to this argument.  "The Equal Protection Clause of the Fourteenth Amendment

commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Upon review of Plaintiff's Complaint, the court finds that even when accepting the factual allegations of Plaintiff's Complaint as true and construing all reasonable inferences in Plaintiff's favor on this claim, Plaintiff has failed to state a claim upon which relief can be granted.  *See Miller*, 50 F.3d 373, 377 (6th  Cir. 1995). Accordingly, Defendants' Motion to Dismiss Plaintiff's equal protection claim is granted.

### C. Plaintiff's Due Process/Fair Trial, Malicious Prosecution, and Civil Conspiracy Claims

Defendants argue that "[Plaintiff's] other federal claims are barred by *res judicata*."  (Defs. Mot. for Judgment on the Pleadings at 2, ECF No. 18-2.)   Specifically, Defendants argue that the state court judgment stemming from Plaintiff's criminal appeal of his conviction for the rape and kidnaping of Loving should be given preclusive effect.  *See Ohio v. Booker*, 1988 WL 86417 (Ohio App. 8 Dist.) (the "State Appellate Decision") (ECF No. 11-2).

*Res judicata* has both a general and a specific meaning.  It its general sense, it refers to the preclusive effects of former proceedings.  This broad category is divided into two more specific doctrines: *res judicata* in its narrow sense, and collateral estoppel.  *Res Judicata* in its narrow sense refers to claim preclusion.  Collateral estoppel refers to issue preclusion.  *See Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985) (citing *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S. Ct. 892, 894, n.1, 79 L. Ed. 2d 56 (1984)).  Defendants fail to specify whether they believe Plaintiff's claims are barred by claim preclusion, issue preclusion, or both. In any event, Defendants' arguments are not well-taken for two reasons.

First, in deciding whether to give preclusive effect to an Ohio state-court determination, this court must look to Ohio's law. *See Knott v. Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005).  In the very case cited by Defendants, *Knott v. Sullivan*, the court stated in *dicta* that, "the general rule in Ohio is that a judgment in a criminal proceeding cannot operate as res judicata, or collateral estoppel, in a civil action to establish any fact determined in the criminal proceeding." *Id.* (citing *State ex rel. Ferguson v. Court of Claims of Ohio*, 98 Ohio St. 3d 399, 403-04, 2003 Ohio 1631, 786 N.E.2d 43 (2003) ("The qualitative differences between civil and criminal proceedings [including the differing standards of proof, rules of discovery, and rules of evidence] militate against giving criminal judgments preclusive effect in civil or quasi-civil litigation.") (brackets in original)); *see also Boone v. Spurgess*, 385 F.3d 923, 927 (6th Cir. 2004) ("Ohio state courts generally frown upon the use of criminal proceedings to estop parties in subsequent civil proceedings." (citing *Ferguson*, 98 Ohio St. 3d 399)).  Because Defendants seek to have a criminal state court proceeding bar Plaintiff from asserting claims in a civil action, and Ohio courts "generally frown" upon such use, this court shall not permit it.

Second, in the instant case, Defendants acknowledge that "Booker's conviction was later vacated as to the rape and other offenses against Kimberly Loving . . . " (Defs.'s Mot. at 3.)  In *Dodrill*, 764 F.2d 442, the Sixth Circuit held that "a judgment which is vacated, for whatever reason, is deprived of its conclusive effect" and thus all "factual determinations [are] vacated . . . and their preclusive effect surrendered." *Id.* at 444-45.  The plaintiff in *Dodrill* brought § 1983 claims for illegal search and seizure and violation of his due process rights. *Id.* at 443.  The district court had entered summary judgment against the plaintiff based on collateral estoppel because the issues he sought to litigate were decided at his Ohio State criminal trial. *Id.* at 443-44.  However,

-6-

the Sixth Circuit reversed, finding that because the plaintiff's state conviction was reversed, the reversal vacated the judgment entirely, and no preclusive effect was to be given to a vacated judgment. *Id.* at 444-45 (citing *Hinton v. McNeil*, 5 Ohio 509, 511 (1832) ("by reversal a judgment is made void, and the matters, litigated in the case reversed, again becomes open for litigation between the same parties") (additional citations omitted.). Consequently, the court does not find that Plaintiff's due process/fair trial, malicious prosecution, and civil conspiracy claims are barred by *res judicata*. Accordingly, Defendants' Motion for judgment on the pleadings as to these claims is denied.

### D. Plaintiff's Negligent Infliction of Emotional Distress State Law Claim

Defendants argue that Plaintiff's Complaint does not allege facts sufficient to support a claim of negligent infliction of emotional distress. Plaintiff fails to respond to this argument, other than to maintain that the Complaint alleges "extreme and outrageous" conduct. (Pl.'s Resp. at 6, ECF No. 20.) Under Ohio law, "[a] claim of negligent infliction of emotional distress is limited to instances 'where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril.'" *Bunger v. Lawson Co.*, 82 Ohio St. 3d 463, 466 (Ohio 1998) (quoting *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 86-87 (1995)). Upon review of Plaintiff's Complaint, the court finds that Plaintiff has failed to allege sufficient facts to state a claim for negligent infliction of emotional distress under Ohio law. Thus, even accepting the well-pled factual allegations of the Complaint as true and construing all reasonable inferences in Plaintiff's favor, Plaintiff has failed to state a claim upon which relief can be granted. *See Miller*, 50 F.3d 373, 377. As such, Defendants' Motion to dismiss Plaintiff's state law claim for negligent infliction of emotional distress is granted.

-7-

### E. State Law Malicious Prosecution and
### Intentional Infliction of Emotional Distress Claims

Defendants maintain that Plaintiff's "other state law claims are barred by *res judicata*." (Mot. for Judgment on the Pleadings at 7.) Defendants again argue that the State Appellate Decision necessarily decided these claims and thus Plaintiff's malicious prosecution and intentional infliction of emotional distress claims "must fail." *Id.* For the same reasons discussed in Section C, this court does not find that the State Appellate Decision should be given preclusive effect. Accordingly, Defendants' Motion for judgment on the pleadings with regard to Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress is denied.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings/Motion to Dismiss (ECF No. 18) is granted in part and denied in part.

Defendants' Motion to dismiss Plaintiff's § 1983 claims asserted against the City of Beachwood is granted. Defendants' Motion to dismiss Plaintiff's equal protection claim against all Defendants is granted. Defendants' Motion for judgment on the pleadings with regard to Plaintiff's due process/fair trial, malicious prosecution, and civil conspiracy claims, based on *res judicata*, is denied. Defendants' Motion to dismiss Plaintiff's state law claim for negligent infliction of emotional distress is granted. Defendants' Motion for judgment on the pleadings with regard to Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress is denied.

Accordingly, as to Plaintiff's claims asserted against the City of Beachwood, only the state law claims for malicious prosecution and intentional infliction of emotional distress remain. As to Plaintiff's claims asserted against Patrick Sullivan and Paul Berline, the § 1983 claims for due

process/fair trial, malicious prosecution, and civil conspiracy remain, as well as Plaintiff's state law claims for malicious prosecution and intentional infliction of emotional distress.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 3, 2007